Joshua Trigsted (13126)
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERTO VISCARRA,<br><br>        Plaintiff,<br><br>v.<br><br>BONNEVILLE BILLING AND<br>COLLECTIONS, INC.,<br><br>        Defendant. | **COMPLAINT**<br><br><br>Case no: 2:10-cv-01241-DS<br><br><br>**JURY TRIAL DEMANDED** |

## I.  INTRODUCTION

1.      This is an action for damages brought by an individual consumer for Defendant's

violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter

"FDCPA").

## II.  JURISDICTION

2.      Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d),

and therefore involves a "federal question" pursuant to 28 USC § 1331.

## III.  PARTIES

3.      Plaintiff, Roberto Viscarra ("Plaintiff"), is a natural person residing in Utah

County, Utah.

1

4.     Defendant, Bonneville Billing and Collections, Inc., ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.

### IV.  FACTUAL ALLEGATIONS

5.     Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6.     Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7.     All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8.     Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9.     Communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the debt.  Plaintiff sent Defendant a letter clearly refusing to pay the debt in or around August, 2010. Defendant then sent Plaintiff in response a letter threatening to take legal action against him and threatening to add additional fees.  The letter in question went above and beyond the message Defendant was allowed to give to Plaintiff in response to his letter by 15 USC 1692c(c)(2) (§ 1692c(c)).

10.     Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof, including failing to clearly state the identity of the current creditor in the initial letter sent to Plaintiff (§ 1692g(a)).

11.     As a result of the aforementioned violations, Plaintiff suffered and continues to

suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

12.     Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

13.     Defendant's actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

14.     To the extent Defendant's actions, detailed in paragraphs 8-10, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

15.     Plaintiff reincorporates by reference all of the preceding paragraphs.

16.     The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the FDCPA, §§ 1692g(a) & 1692c(c). .

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.     Declaratory judgment that Defendant's conduct violated the FDCPA;

B.     Actual damages pursuant to 15 USC 1692k;

C.     Statutory damages pursuant to 15 U.S.C. § 1692k;

D.     Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful

3

claims, pursuant to 15 U.S.C. § 1692k; and,

     E.     For such other and further relief as may be just and proper.

<u>**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**</u>

Dated this 13th day of December, 2010.

              **TRIGSTED LAW GROUP, P.C.**

              Joshua Trigsted
              *Attorney for the Plaintiff*

**PLAINTIFF'S ADDRESS**
Provo, UT